**TECHNO COATINGS, Petitioner,**

v.

**OCCUPATIONAL SAFETY & HEALTH REVIEW COMMISSION, Respondent.**

No. 04–72855.

OSHRC No. 03–0865.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 7, 2006.

Decided April 19, 2006.

Robert D. Peterson, Esq., Robert D. Peterson Law Corporation, Rocklin, CA, for Petitioner.

Lee Grabel, U.S. Department of Labor, Washington, DC, for Respondent.

Before SCHROEDER, Chief Judge, TROTT, Circuit Judge, and RHOADES,* District Judge.

* The Honorable John S. Rhoades, Sr., Senior United States District Judge for the Southern District of California, sitting by designation.

## MEMORANDUM **

Techno Coatings (Techno) petitions for review of an enforcement action brought by the Secretary of Labor under the Occupational Safety and Health Act of 1970 (OSHA) against Techno for multiple violations of the lead standard. We have jurisdiction pursuant to 29 U.S.C. § 660(a). The Secretary withdrew the citation alleging a violation of 29 C.F.R. § 1926.62(n)(1)(ii) during the pendency of this appeal. Therefore, the petition for review of that citation is granted. However, we deny the petition for review as to all other citations.

■ Techno failed to complete and document an initial exposure assessment as required by 29 C.F.R. §§ 1926.62(b) and (d)(1)(i). Although Techno contends that it relied properly upon historical data to serve as the exposure assessment, this reliance was faulty for two independent reasons. First, Techno failed to document its reliance upon the historical data from the San Bernardino project. If an employer relies upon historical evidence instead of actual monitoring to complete the initial exposure assessment, the employer must document its reliance upon the historical data. 29 C.F.R. § 1926.62(d)(5). This documentation must include a "record as to the relevancy of such data to current job conditions." 29 C.F.R. § 1926.62 App. B.II; see also 29 C.F.R. § 1926.62(d)(5). Substantial evidence supports Administrative Law Judge Yetman's finding that Techno failed to complete this required documentation.

Second, even if Techno had properly documented its reliance upon the San Bernardino project, that reliance was improper. To use historical data instead of actual monitoring, the prior project must have involved "workplace conditions closely re-sembling the processes, type of material, work practices, and environmental conditions used and prevailing in the employer's current operations." 29 C.F.R. § 1926.62(d)(3)(iii). Techno's work practices at the San Diego project did not closely resemble those at the San Bernardino project because the nail guns at the San Bernardino project were equipped with vacuum attachments while the nail guns at the San Diego project had no vacuum attachments during the OSHA inspector's first visit. Additionally, Techno does not actually know the lead content of the paint where the air monitoring occurred at the San Bernardino project—the paint chip sample was taken from pier 7 whereas the air monitoring occurred at pier 10. Thus, substantial evidence supports Judge Yetman's finding that the San Bernardino project did not closely resemble the San Diego project. Therefore, Judge Yetman properly concluded that Techno failed to complete a valid initial exposure assessment.

■ Until an employer completes and documents a valid initial exposure assessment, it must treat certain employees as if they were exposed to lead in excess of the personal exposure level and provide to these employees interim precautions. 29 C.F.R. § 1926.62(d)(2). Because Techno never completed a valid exposure assessment, it was required to provide a clean changing area and medical surveillance as interim precautions to employees operating needle guns. 29 C.F.R. §§ 1926.62(d)(2)(v)(C) and (E). Substantial evidence supports Judge Yetman's finding that Techno failed to provide these precautions.

PETITION GRANTED IN PART, AND DENIED IN PART. The citation

---

alleging a violation of 29 C.F.R. § 1926.62(n)(1)(ii) is vacated. Each party shall bear its own costs on appeal.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.